## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **MARIA V. RUIZ DE BALDERAS** | § | |
| **Individually and on Behalf of All** | § | |
| **Others Similarly Situated,** | § | |
| | § | |
|    **Plaintiff** | § | **CIVIL NO._____** |
| | § | |
| **V.** | § | |
| | § | **JURY TRIAL** |
| **ETX SUCCESSOR ATHENS, F/K/A EAST** | § | |
| **TEXAS MEDICAL CENTER, ATHENS,** | § | |
| **AND MEDICAL REIMBURSEMENTS OF** | § | |
| **AMERICA, INC.,** | § | |
| | § | |
|    **Defendants** | § | |

### CLASS ACTION COMPLAINT

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, **MARIA V. RUIZ DE BALDERAS**, Individually and on Behalf of Others Similarly Situated, Plaintiff in the above-referenced cause, and files this Class Action Complaint, complaining of ETX SUCCESSOR ATHENS, F/K/A EAST TEXAS MEDICAL CENTER, ATHENS, AND MEDICAL REIMBURSEMENTS OF AMERICA, INC. Defendants, and would respectfully show unto the Court and Jury as follows:

### PARTIES

### PLAINTIFFS

1.    Plaintiff, MARIA V. RUIZ DE BALDERAS, is an adult female and is a resident of Anderson County, Texas.

**DEFENDANTS**

2.     Defendant, ETX SUCCESSOR ATHENS, F/K/A EAST TEXAS MEDICAL CENTER, ATHENS (ETX ATHENS), is a domestic not for profit hospital, organized and existing under the Laws of the State of Texas, engaged in the business of providing hospital services for treatment of patient injuries sustained in accidents with its principal place of business located at 2000 S. Palestine St., Athens, Texas 75751. Service of Process on said Defendant may be affected by serving a true copy of the citation with a copy of the complaint attached thereto on said Defendant's registered agent for service of process, Michael C. Coker, at 4540 Kinsey Drive, Tyler, Texas 75703.

3.     Defendant, MEDICAL REIMBURSEMENTS OF AMERICA, INC. (MRA), is a corporation, organized and existing under the Laws of the State of Tennessee, with its principal place of business located at 7105 Moores Lane, Brentwood, Tennessee 37027. Service of Process on said Defendant may be affected by serving a true copy of the citation with a copy of the complaint attached thereto on said Defendant's registered agent for service of process, Cogency Global, Inc., at 1601 Elm St., Suite 4360, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

**SUBJECT MATTER JURISDICTION**

4.     There is diversity of citizenship among and between the Plaintiff and Defendant MEDICAL REIMBURSEMENTS OF AMERICA, INC. to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds FIVE MILLION DOLLARS ($5,000,000.00).

5.     Jurisdiction in this United States Judicial District exists under 28 U.S.C. Section 1332.

6.     Jurisdiction also exists under the provisions of the Class Action Fairness Act under 28

U.S.C. § 1332(d).

## PERSONAL JURISDICTION

7.    Defendant, ETX ATHENS, is subject to this Court's personal jurisdiction in that Defendant ETX ATHENS is a is a domestic not for profit hospital, organized and existing under the Laws of the State of Texas, engaged in the business of providing hospital services for treatment of patient injuries sustained in accidents with its principal place of business located at 2000 S. Palestine St., Athens, Texas 75751.

8.    Defendant, MRA, is subject to this Court's personal jurisdiction under Tex. Civ. Prac. & Rem. Code Ann. §17.042 (Texas Long-Arm Statute).  Defendant, MRA, is subject to this Court's jurisdiction because it is registered to do business in Texas, does substantial business in Texas, contracts with Texas residents to perform contracts in whole or in part in Texas, recruits Texas residents for employment, and/or committed the acts complained of by the Plaintiff in whole or in part in Texas, and has purposely availed itself of the rights and privileges of conducting business in Texas.

## VENUE

9.    Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Texas.

## FACTUAL BASIS OF CLAIM & CAUSES OF ACTION

10.    Following an accident on May 22, 2016, Plaintiff received emergency hospital care at the emergency room of a Defendant ETX ATHENS' hospital, and was subsequently released without being admitted to the hospital.  Plaintiff presented valid proof of coverage under a health insurance policy.  On information and belief the Defendant ETX ATHENS contracted with the Plaintiff's health insurer provided for reimbursement to Defendant ETX ATHENS for services

provided to Plaintiff at negotiated rates well below Defendant ETX ATHENS' "chargemaster rates". The Defendant ETX ATHENS charged and billed Plaintiff its chargemaster[1] rate for the emergency room services provided. On June 15, 2016, Defendant ETX ATHENS filed a hospital lien against Plaintiff to collect the chargemaster charges billed to Plaintiff by the Defendant ETX ATHENS, knowing that the chargemaster rates for the hospital service are far in excess of the rates negotiated with Plaintiff's health insurance provider and otherwise not reasonable.

11.     The charges for the hospital services provided to Plaintiff exceeded the reasonable and regular rate charged other patients of the Defendant ETX ATHENS provided similar services as that of Plaintiff in violation of Tex. Prop. Code §55.002 et seq.

12.     Defendant ETX ATHENS filed the hospital lien with knowledge that the lien was fraudulent, and with the intent to cause financial injury to Plaintiff by attempting to extort more than a reasonable and regular rate of charges for hospital services provided from Plaintiff's potential third-party liability claim in violation of Tex. Prop. Code §55.002 et seq., and as prohibited by Sections 12.002(a)(l),(2) and (3)(B) of the Texas Civil Practices & Remedies Code.

13.     Defendant ETX ATHENS filed the hospital lien with knowledge that the Plaintiff was not admitted to the hospital within 72 hours after the accident in violation of Tex. Prop .Code §55.002(a).

14.     Defendant ETX ATHENS made, presented and used the hospital bill to demand payment from Plaintiff and his property in violation of Sections 12.002(a)(l),(2) and (3)(8) of the Texas Civil Practices & Remedies Code.

---

[1] Hospitals determine their standard charges for patient services with the use of a chargemaster system, which is a list of charges for the components of patient care that go into every patient's bill. These are the baseline rates for services provided by hospitals.

15.     Defendant ETX ATHENS is liable to Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code §12.002 et seq., for statutory and/or actual damages for each violation, exemplary damages, attorney fees, and costs as set forth below.

16.     On information and belief, on or about April 1, 2018, Defendant ETX ATHENS contracted with Defendant MRA to, *inter alia*, file hospital liens on behalf of Defendant ETX ATHENS for services provided to class members similarly situated to Plaintiff.

17.     On information and belief, between March 1, 2017, to present, Defendant ETX ATHENS and its affiliates and/or Defendant MRA, on behalf of ETX ATHENS and its affiliates, filed in excess of three thousand (3,000) hospital liens against similarly situated class members a substantial portion of which were filed under similar circumstances as alleged in paragraph 10 and in violation of the statutes referenced in paragraphs 11-15.

18.     Nationwide it has become common practice for health care facilities to engage in similar billing practices as outlined above.  These practices have been furthered through the offering of services by third party companies, such as Defendant MRA, to craft billing and lien practices intended to maximize revenue by attempting to collect from third party insurers at rates far in excess of rates that are customarily or contractually billed.  In particular, health care facilities are refusing to bill valid health insurers for reimbursement in order to attempt to collect from third party liability insurers in order to maximize recovery.  Defendant, MRA advertises on its website that they are able to help health care facilities to collect up to fifty percent (50%) more than would otherwise be collected.  The real result of the practices is that the health care facilities receive a windfall at the expense of the patient.

19.     Plaintiff in this case was presented with a hospital lien in the amount of $29,406.75.  The minimum automobile liability policy limits in Texas for personal injuries is $30,000.00 per

person and $60,000.00 per occurrence.  Defendant, ETX ATHENS, assertion of a lien in this case results in only $593.28 available for Plaintiff to recover.

20.     The tactics of Defendants ETX ATHENS and MRA are not aimed at insuring that Defendant ETX ATHENS is paid a reasonable fee for its services.  The practices are done out of pure greed.

21.     In cases such as this case, these practices create a real disincentive for Plaintiffs to exercise their rights to recovery from the liability insurers of would be tortfeasors.  The role of the Plaintiff in this case, if Defendant ETX ATHENS is allowed to recover the full amount of its lien, would for all practical purposes be that of an uncompensated collection agent for Defendant ETX ATHENS.

## CLASS ALLEGATIONS

22.     Plaintiff, individually and on behalf of the proposed Class, incorporates all preceding allegations of their Class Action Complaint as though fully set forth herein.

23.     This action is brought as a Plaintiff Class and sub class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on her own behalf and all others similarly situated, as representative of the following Class:

    a.  All Texas residents who, after an accident potentially the fault of another, have received healthcare treatment from any entity located in Texas that is owned or affiliated with Defendant ETX ATHENS;

    b.  Defendant ETX ATHENS, its affiliates or Defendant MRA, on behalf of Defendant ETX ATHENS or its affiliates, filed a lien pursuant to Tex. Prop. Code §55.002 et seq;

    c.  the treatment received did not result in an "admission" within 72 hours after the

accident giving rise to the treatment to a hospital owned or operated Defendant ETX ATHENS or its affiliates;

d.  and/or Defendant ETX ATHENS, its affiliates or Defendant MRA, on behalf of ETX ATHENS or its affiliates, based its lien on the chargemaster charges billed to Plaintiff;

e.   and/or Defendant ETX ATHENS or its affiliates refused to submit the charges for reimbursement from the class member's health insurance provider at contractually negotiated rates far less than the chargemaster rates;

f.  Defendant ETX ATHENS, its affiliates or Defendant MRA, on behalf of Defendant ETX ATHENS or its affiliates, obtained payment for or currently seeks payment for those bills directly from the patient, from an auto insurer, and/or from the patient's third-party tort recovery.

This class is to be represented by named Plaintiff, MARIA V. RUIZ DE BALDERAS.

24.    The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the official public records of the Counties of the State of Texas and records of the Defendants.

25.    The Class consists of hundreds and perhaps thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

26.    There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class Members. The principal common issues include, but are not limited to the following:

     a.   Whether Defendant ETX ATHENS, its affiliates or Defendant MRA, on behalf of Defendant ETX ATHENS or its affiliates, filed a hospital lien against the class member;

        i.   with knowledge that the Plaintiff was not admitted to the hospital within 72 hours after the accident in violation of Tex. Prop .Code §55.002(a);

       ii.    and/or the lien was based on chargemaster charges billed to Plaintiff;

     iii.   and/or with the knowledge that the rates charged were far in excess of contractually negotiated rates under a valid health insurance policy duly presented by the class member;

     b.   Whether Defendant ETX ATHENS, its affiliates or Defendant MRA, on behalf of Defendant ETX ATHENS or its affiliates, obtained payment for or currently seeks payment for those bills directly from the patient, from an auto insurer, and/or from the patient's third-party tort recovery;

27.     Plaintiff and her counsel will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class.  Plaintiff has also retained counsel in this case who are experienced in class action litigation.

28.     Certification of a plaintiff Class is appropriate in that Plaintiff and the Class Members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause orderly and expeditious administration of the Class Members' claims. Economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured by certification of the class. Moreover, the individual Class Members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to

commence individual litigation against Defendants and their vast resources.

29.     Without the Class representation provided by Plaintiff, virtually no Class members will receive legal representation or redress for their injuries; Plaintiff and counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and Class counsel are aware of their fiduciary responsibilities to the class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

30.     Alternatively, certification of a plaintiff Class is appropriate in that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for Defendants. In addition, as a practical matter, adjudications with respect to individual members of the Class would be dispositive of the interests of the other members not parties to the adjudications, or would at the very least substantially impair or impede their ability to protect their interests.

31.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

32.     Class certification is appropriate under Rule 23(b) (2) FRCP with respect to plaintiff's demands for injunctive and declaratory relief against defendant because defendant has acted on grounds generally applicable to the Class as a whole. Therefore, the final injunctive and declaratory relief sought in this case is appropriate with respect to the Class and any applicable Subclass as a whole.

33.     Class certification is also appropriate under Rule 23(b)(3) FRCP with respect to Plaintiff's demand for damages because common questions of fact or law will predominate in

determining the outcome of this litigation and because maintenance of the action as a class action is a superior manner in which to coordinate the litigation.

34.   **CLASS EXCLUSION**S:  Defendants and their employees; all potential class members who were Medicare Beneficiaries at the time of treatment.

**DAMAGES**

35.   Plaintiff seeks the following damages against Defendants:

    a.   Pursuant to Tex. Civ. Prac. & Rem. Code §12.002(b)(l)(A) and (B), Plaintiff is entitled to recover the greater of $10,000.00 for each violation of the act committed by Defendants in filing a fraudulent hospital lien and fraudulent court document or the actual damages caused by Defendants conduct alleged herein;

    b.   Pursuant to Tex. Civ. Prac. & Rem, Code §12.002(b)(3}, Plaintiff is entitled to recover reasonable and necessary attorney fees;

    c.   Pursuant to Tex. Civ. Prac. & Rem. Code §12.002(b)(4), Plaintiff is entitled to recover exemplary damages.  Plaintiff seeks exemplary damages in an amount equal to the maximum allowed under Tex. Civ. Prac. & Rem. Code §41.008.

36.   Plaintiff's damages are within the jurisdictional limits of this Court for which she now sues.

**JURY DEMAND**

37.   Plaintiff hereby requests trial by jury and tenders the appropriate jury fee.

**PRAYER**

WHEREFORE, REMISES CONSIDERED, Plaintiff requests that upon trial Plaintiff have and recover from Defendants, jointly and severally, a judgment for actual damages or statutory damages, whichever is greater, pre-judgment and post-judgment interest, court costs,

including investigative fees, attorney fees, exemplary damages, and all other relief to which Plaintiff is entitled, by this pleading or proper amendment thereto.

Respectfully submitted,


By: /s/ Charles W. Nichols
       Charles W. Nichols
       Texas Bar No 14994200
       Email:  cnichols@charleswnicholslaw.com

By: /s/ Donald J. Larkin
       Donald J. Larkin
       Texas Bar No 24057702
       Email:  donald@charleswnicholslaw.com

       617 E. Lacy St.
       Palestine, TX 75801
       Tel. (903) 729-5104
       Fax. (903) 729-0347
       Attorneys for Plaintiff
       **MARIA V. RUIZ DE BALDERAS**


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**