IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MARIA V. RUIZ DE BALDERAS,<br><br>　　Plaintiff,<br><br>v.<br><br>ETX SUCCESSOR ATHENS F/K/A EAST TEXAS MEDICAL CENTER ATHENS, ET AL.,<br><br>　　Defendants. | §§§§§§§§§§§§§ Case No. 6:19-CV-58-JDK-KNM |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Maria V. Ruiz de Balderas brought this lawsuit alleging that Defendants filed fraudulent liens against emergency room patients who visited Defendant hospitals around East Texas. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. On March 4, 2020, the Magistrate Judge issued a Report and Recommendation (Docket No. 84), recommending that Plaintiff's claims against Defendant Shelli Morrison be dismissed "without prejudice to repleading as to the specific issues addressed herein." *Id.* at 16–18. Morrison filed objections on March 18, 2020. Docket No. 86.

Morrison argues that the Court should dismiss Plaintiff's claims with prejudice and not allow a repleading. The Court overrules Morrison's objections. Federal Rule of Civil Procedure 15(a) provides that courts should "freely give leave [to amend] when justice so requires." And the Fifth Circuit has said that, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). For these reasons, "district courts often afford plaintiffs

at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). This is the first time the Court has dismissed any claims in this case, and Morrison has not provided a substantial reason to deny Plaintiff an opportunity to amend. Accordingly, permitting a limited amendment is proper. *See, e.g.*, *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940–41 (N.D. Tex. 2014) (granting leave to amend *sua sponte*); *Brothers v. Print, Inc.*, No. 3:07-CV-0415-B, 2007 WL 3331974, at *9 (N.D. Tex. 2007) (same).

Having made a *de novo* review of the objections raised by Morrison to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Morrison's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 84) be **ADOPTED**. It is further

**ORDERED** that Defendant Shelli Morrison's Motion to Dismiss (Docket No. 31) is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** to repleading as to the specific issues addressed in the Magistrate Judge's Report.

So **ORDERED** and **SIGNED** this **26th** day of **March, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE